UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Kelin Rafael Read,

                         Plaintiff,

          -against-

Joseph Marrero,

                         Defendant.

25-CV-1982 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Defendant removed this case from the Supreme Court of the State of New York, Bronx County, on March 10, 2025. Dkt. 1. The basis for removal is diversity of citizenship. Dkt. 1 at 2.

    The notice of removal states only that "[u]pon information and belief, the amount sought by the plaintiff exceeds the jurisdictional requirement for removal." *Id.* And the attached state court complaint states that the damages asserted are "in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." Dkt. 1-1 at 5. Such language is not sufficient to meet defendant's burden of showing that there is federal jurisdiction. *Goodman v. Victoria's Secret & Co.*, 2024 WL 4100556, at *2 (S.D.N.Y. Sept. 6, 2024) (collecting cases that involve nearly identical phrases). It is "obviously a reference to the lower civil courts of New York" and not the federal district courts. *Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019). Nor is it enough that the state court complaint asserts that plaintiff suffered "economic loss greater than basic economic loss." DKt. 1-1 at 5. Under New York law, the threshold for "basic economic loss" is $50,000, so again this doesn't satisfy the amount-in-controversy requirement. *Vaghela-Omanoff*, 2019 WL 2193820, at *2.

    This case is nearly identical to the many other cases in which courts have *sua sponte* remanded based on lack of subject matter jurisdiction, and it "must be remanded for the same reasons." *Id.*; *see also Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time . . . by the court *sua sponte*.") But "this decision does not preclude [d]efendant[] from removing this case in the future based on a proper showing of the amount in controversy." *Id.* Until then, the

Court does not have subject matter jurisdiction, so the Clerk of Court is respectfully directed to remand the case to the Supreme Court of the State of New York, Bronx County.

    SO ORDERED.

Dated: March 13, 2025
       New York, New York

                                        ARUN SUBRAMANIAN
                                        United States District Judge